**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OREADER CALLAWAY,<br><br>                Plaintiff,<br><br>       v.<br><br>B. DAVIS, et al.,<br><br>                Defendants. | Civil Action No. 20-1823 (RBK) (JS)<br><br><br>**MEMORANDUM OPINION**<br>**& ORDER** |

This matter comes before the Court by way of Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1).  The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.  The Court concludes, with the following caveats, that dismissal of the entire Complaint is not warranted at this time and will allow the majority of the Complaint to proceed.

In this case, Plaintiff, a state inmate, alleges that Defendants violated his due process rights under the Fourteenth Amendment.  Plaintiff contends that he entered into a settlement agreement with the State of New Jersey or employees thereof, or both, for $10,000.00.  According to the agreement, the settlement would involve two checks, one check for $8,000.00, was sent to the Department of Corrections Central Office Revenue unit "to pay for total liens and judgments." (ECF No. 1, at 9).  The second check, for $2,000.00, was sent to the New Jersey State Prison's business office for Plaintiff "to use however he saw fit." (*Id.*).

It appears, however, that Defendants deducted $883.00 from that second check, for additional court ordered restitution.  Plaintiff contends that these deductions are both a breach of contract and violate his procedural due process rights under the Fourteenth Amendment.  Under

the Fourteenth Amendment, an inmate has a protected property interest in the funds held in his inmate account. *See Hale v. Beard*, 168 F. App'x 532, 534 (3d Cir. 2006) (per curiam) (citing *Higgins v. Beyer,* 293 F.3d 683, 693 (3d Cir. 2002); *Tillman v. Lebanon Cnty. Corr. Facility,* 221 F.3d 410, 421 (3d Cir. 2000)).

If a state actor intentionally or negligently deprives an inmate of such funds, "that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post deprivation remedy for the loss is available." *Love v. New Jersey Dep't of Corr.*, No. 14-5629, 2015 WL 2226015, at *5 (D.N.J. May 12, 2015) (citing *Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984)). As the Supreme Court has held, however, "post-deprivation remedies do not satisfy the Due Process Clause if the deprivation of property is accomplished pursuant to established state procedure rather than through random, unauthorized action." *Stokes v. Lanigan*, No. 12–1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36 (1982)).

In the state procedure context, in "some cases, takings of property by the State require predeprivation notice and a hearing." *See Tillman*, 221 F.3d at 421 (citations omitted) (footnote omitted). On the other hand, "where the State must take quick action, or where it is impractical to provide meaningful predeprivation process, due process will be satisfied by a meaningful postdeprivation remedy." *Id.*

At this early stage, the Court may consider only what is in the Complaint, and the Complaint gives little indication as to what procedures, if any, were available to Plaintiff to contest the prison account deduction. Accordingly, this Court will allow Plaintiff's "state procedure" due process claims to proceed at this time. *See Ragland v. Lanigan*, No. 14-0458, 2014 WL 2534928, at *4 (D.N.J. June 4, 2014) (allowing state procedure due process claims to proceed under similar

circumstances involving restitution); *see also Bumpers v. Formica*, No. 13-5250, 2014 WL 3817134, at *4 (D.N.J. Aug. 1, 2014).

The Court will, however, dismiss Plaintiff's claims to the extent he alleges that Defendants' "random, unauthorized" actions, that did not result from state procedures, caused the loss of his funds. Once again, if a state actor intentionally or negligently deprives an inmate of his funds, "that deprivation does not result in a violation of the Fourteenth Amendment so long as a meaningful post-deprivation remedy for the loss is available." *Love*, 2015 WL 2226015, at *5 (citing *Hudson*, 468 U.S. at 530–36). New Jersey has provided inmates with a meaningful post-deprivation remedy, through the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 *et seq.*, and therefore, this kind of deprivation would not violate the Fourteenth Amendment. *See, e.g.*, *Love*, 2015 WL 2226015, at *5.

Finally, to the extent Plaintiff seeks monetary damages under § 1983 against all of the Defendants *in their official capacities*, the Court will dismiss those claims with prejudice, as they are immune from suit under the Eleventh Amendment. It is well-established that § 1983 does not provide for damages claims against state agencies or state officials in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70-71 (1989); *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) ("Individual state employees sued in their official capacity are also entitled to Eleventh Amendment immunity because official-capacity suits generally represent only another way of pleading an action against the state." (internal quotation marks omitted)).

THEREFORE, it is on this  23rd  day of June 2020,

**ORDERED** that Plaintiff's § 1983 claims against the Defendants in their official capacities are DISMISSED WITH PREJUDICE; and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment due process claims based on random, unauthorized takings are DISMISSED WITHOUT PREJUDICE; and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment due process claims based on state procedures and the remainder of Plaintiff's Complaint may PROCEED; and it is further

**ORDERED** that the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** that once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and corresponding exhibits, and this Memorandum Opinion and Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum Opinion and Order via regular U.S. mail.

                                                                                    s/Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge